**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------   :
SHIVA STEIN,                                                 :
                                                             :
                            Plaintiff,                       :   Case No. 1:22-cv-6648
                                                             :
v.                                                           :
                                                             :   **COMPLAINT FOR VIOLATIONS OF**
AUTOWEB, INC., MICHAEL J. FUCHS,                             :   **SECTIONS 14(e), 14(d) AND 20(a) OF**
MATÍAS DE TEZANOS, MARK N.                                   :   **THE SECURITIES EXCHANGE ACT**
KAPLAN, JARED R. ROWE, JANET M.                              :   **OF 1934**
THOMPSON, and JOSÉ VARGAS,                                   :
                                                             :   **JURY TRIAL DEMANDED**
                            Defendants.                      :
---------------------------------------------------------   :
                                                             :
                                                             :
                                                             :

Shiva Stein ("Plaintiff"), by and through his attorneys, alleges the following upon information and belief, including investigation of counsel and review of publicly-available information, except as to those allegations pertaining to Plaintiff, which are alleged upon personal knowledge:

1.      This is an action brought by Plaintiff against AutoWeb Therapeutics, Inc. ("AutoWeb or the "Company") and the members AutoWeb board of directors (the "Board" or the "Individual Defendants" and collectively with the Company, the "Defendants") for their violations of Sections 14(e), 14(d), and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), in connection with the proposed acquisition of AutoWeb by affiliates of One Planet Group , LLC ("One Planet Group").

2.      Defendants have violated the above-referenced Sections of the Exchange Act by causing a materially incomplete and misleading Solicitation Statement on Schedule 14D-9 (the "Solicitation Statement") to be filed on August 3, 2022 with the United States Securities and

Exchange Commission ("SEC") and disseminated to Company stockholders.  The Solicitation Statement recommends that Company stockholders tender their shares in support of a proposed transaction whereby Unity AC 2, Inc. ("Merger Sub"), a wholly owned subsidiary of Unity AC 1, LLC ("Parent"), will merge with and into AutoWeb, with AutoWeb continuing as the surviving corporation and as a wholly owned subsidiary of Parent (the "Proposed Transaction").  Pursuant to the terms of the definitive agreement and plan of merger the companies entered into, dated July 24, 2022 (the "Merger Agreement"), each AutoWeb common share issued and outstanding will be converted into the right to receive $0.39 per share owned (the "Merger Consideration").  In accordance with the Merger Agreement, Merger Sub commenced a tender offer to acquire all of AutoWeb's outstanding common stock and will expire on August 30, 2022 (the "Tender Offer"). Merger Sub and Parent are each affiliated with One Planet Group.

3.      Defendants have now asked AutoWeb's stockholders to support the Proposed Transaction based upon the materially incomplete and misleading representations and information contained in the Solicitation Statement, in violation of Sections 14(e), 14(d), and 20(a) of the Exchange Act.   Specifically, the Solicitation Statement contains materially incomplete and misleading information concerning, among other things, (i) AutoWeb's financial projections relied upon by the Company's financial advisor, Houlihan Lokey Capital, Inc. ("Houlihan Lokey"); and (ii) the data and inputs underlying the financial valuation analyses that support the fairness opinions provided by Houlihan Lokey. The failure to adequately disclose such material information constitutes a violation of Sections 14(e), 14(d), and 20(a) of the Exchange Act as AutoWeb stockholders need such information in order to tender their shares in support of the Proposed Transaction.

4.      It is imperative that the material information that has been omitted from the Solicitation Statement is disclosed to the Company's stockholders prior to the expiration of the tender offer.

5.      For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to AutoWeb's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the Defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Sections 14(e), 14(d), and 20(a) of the Exchange Act and SEC Rule 14a-9.

7.      Personal jurisdiction exists over each Defendant either because each is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over defendant by this Court permissible under traditional notions of fair play and substantial justice.

8.      Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because the Company stock is traded on the NASDAQ Stock Exchange, headquartered in this District.

## PARTIES

9.      Plaintiff is, and has been at all relevant times, the owner of AutoWeb common stock and has held such stock since prior to the wrongs complained of herein.

10.     Individual Defendant Michael J. Fuchs has served as a member of the Board since September 1996 and is the Chairman of the Board.

11.     Individual Defendant Matías de Tezanos has served as a member of the Board since October 2015.

12.     Individual Defendant Mark N. Kaplan has served as a member of the Board since June 1998.

13.     Individual Defendant Jared R. Rowe has served as a member of the Board since April 2018 and is the Company's President and Chief Executive Officer.

14.     Individual Defendant Janet M. Thompson has served as a member of the Board since March 2008.

15.     Individual Defendant José Vargas has served as a member of the Board since October 2015.

16.     Defendant AutoWeb is a Delaware corporation and maintains its principal offices at 400 North Ashley Drive, Suite 300, Tampa, Florida 33602.  The Company's stock trades on the NASDAQ Stock Exchange under the symbol "AUTO."

17.     The defendants identified in paragraphs 10-16 are collectively referred to as the "Individual Defendants" or the "Board."

18.     The defendants identified in paragraphs 10-17 are collectively referred to as the "Defendants."

## SUBSTANTIVE ALLEGATIONS

### A.     <u>The Proposed Transaction</u>

19.     AutoWeb operates as a digital marketing company for the automotive industry in the United States. It assists automotive retail dealers and manufacturers to market and sell new and used vehicles to consumers through its programs. The Company's products include new vehicle lead program, which allows consumers to submit requests for pricing and availability of specific makes and models; and used vehicle lead program, which allows consumers to search for used

vehicles according to specific search parameters, such as price, make, model, mileage, year, and location of the vehicle. Its products and services also comprise WebLeads+ that offers various coupon options, which display marketing messages to consumers visiting the dealer's website; and Payment Pro, a dealer website conversion tool that offers consumers real-time online monthly payment information, as well as sells fixed placement advertising across its Website to automotive advertisers. It owns and operates automotive websites that offers consumers with the information and tools to aid them with their automotive purchase decisions; direct marketing platform that enables manufacturers to selectively target in-market consumers during the often-extended vehicle shopping process; and click traffic referral program, a pay-per-click advertising program that offer targeted offers to consumers based on make, model, and geographic location. The Company was formerly known as Autobytel Inc. and changed its name to AutoWeb, Inc. in October 2017. AutoWeb was founded in 1995 and is headquartered in Tampa, Florida.

20.     On July 25, 2022, the Company announced the Proposed Transaction:

> TAMPA, Fla., July 25, 2022 (GLOBE NEWSWIRE) -- AutoWeb, Inc. (Nasdaq: AUTO) ("AutoWeb" or the "Company"), an automotive matchmaking platform connecting in-market car shoppers to their preferred vehicle transactions, announced that it has entered into a definitive merger agreement to be acquired by a subsidiary (the "Purchaser") of One Planet Group, LLC ("One Planet Group"), under which the Purchaser will pay a cash purchase price of $0.39 per share of AutoWeb. Payam Zamani, One Planet Group's CEO, will assume the role of President and CEO of AutoWeb, Inc., and Jared Rowe will transition out of the business.
>
> "Not many founders get the opportunity to return to a company that they helped create. AutoWeb has been a pioneer in the online automotive industry and in many ways directly influenced its evolution," stated Payam Zamani, CEO of One Planet Group. "It is now time for the company to experience an evolution to prepare for the challenges and the opportunities in the automotive industry of tomorrow."

The acquisition, which has been approved by the Company's Board of Directors, based on the recommendation of a Special Committee of the Board consisting of independent, disinterested directors, is structured as a two-step merger, with the first step being a tender offer for all issued and outstanding shares of AutoWeb by the Purchaser and the second step being a merger in which any shares of AutoWeb that were not tendered in the tender offer would be converted into the right to receive the same cash price per share as stockholders who tendered in the tender offer. The factors considered by the Special Committee and the Board are further described in the Current Report on Form 8-K filed by the Company on the date of this release. The parties have agreed to commence the tender offer by August 1, 2022.

The closing of the tender offer and acquisition are subject to customary closing conditions and other terms and conditions detailed in the merger agreement. The merger is expected to close by September 16, 2022.

The Company is represented in this transaction by its financial advisor, Houlihan Lokey, and its legal counsel, Gibson Dunn & Crutcher LLP.  One Planet Group is represented by its legal counsel, Mayer Brown LLP.

* * *

21.    It is therefore imperative that AutoWeb's stockholders are provided with the material information that has been omitted from the Solicitation Statement, so that they can meaningfully assess whether or not the Proposed Transaction is in their best interests.

**B.    The Materially Incomplete and Misleading Solicitation Statement**

22.    On August 3, 2022, AutoWeb filed the Solicitation Statement with the SEC in connection with the Proposed Transaction.  The Solicitation Statement was furnished to the Company's stockholders and solicits the stockholders to tender their shares in support of the Proposed Transaction.   The Individual Defendants were obligated to carefully review the Solicitation Statement before it was filed with the SEC and disseminated to the Company's stockholders to ensure that it did not contain any material misrepresentations or omissions. However, the Solicitation Statement misrepresents and/or omits material information that is

necessary for the Company's stockholders to make an informed decision concerning whether to tender their shares, in violation of Sections 14(e), 14(d), and 20(a) of the Exchange Act.

23.     The Solicitation Statement fails to disclose the financial projections by AutoWeb management and relied upon by Houlihan Lokey in its analyses. The Solicitation Statement indicates that in connection with the rendering of its fairness opinion, that the Company prepared certain non-public financial forecasts (the "Company Projections") and the liquidation analysis prepared by Company management ("Liquidation Analysis") and provided them to the Board and Houlihan Lokey with forming a view about the stand-alone valuation of the Company. Accordingly, the Solicitation Statement should have, but fails to provide, the projections that AutoWeb management provided to the Board and Houlihan Lokey. Courts have uniformly stated that "projections … are probably among the most highly-prized disclosures by investors. Investors can come up with their own estimates of discount rates or [] market multiples. What they cannot hope to do is replicate management's inside view of the company's prospects." *In re Netsmart Techs., Inc. S'holders Litig.*, 924 A.2d 171, 201-203 (Del. Ch. 2007).

24.     Thus, to cure the Solicitation Statement and the materially misleading nature of the forecasts under SEC Rule 14a-9 as a result of the omitted information in the Solicitation Statement, Defendants must provide the Company Projections and the Liquidation Analysis in their entirety to make the Solicitation Statement not misleading.

*Omissions and/or Material Misrepresentations Concerning Houlihan Lokey's Financial Analysis*

25.     With respect to Houlihan Lokey's *Liquidation Analysis*, the Solicitation Statement fails to disclose: (i) the basis for the assumption that Company's accounts receivable could be recovered at a rate ranging from 50% to 90% for its illustrative sensitivity analysis.

26.     The Solicitation Statement also fails to explain why Houlihan Lokey decided to not perform a Discounted Cash Flow Analysis, a comparable public company analysis, and a selected transactions analysis, including how the Company's severe liquidity issues impact that decision.

27.     In sum, the omission of the above-referenced information renders statements in the Solicitation Statement materially incomplete and misleading in contravention of the Exchange Act. Absent disclosure of the foregoing material information prior to the expiration of the Tender Offer, Plaintiff will be unable to make a fully-informed decision regarding whether to tender their shares, and they are thus threatened with irreparable harm, warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**On Behalf of Plaintiff Against All Defendants for**
**Violations of Section 14(e) of the Exchange Act**

28.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

29.     Section 14(e) of the Exchange Act provides that it is unlawful "for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . ." 15 U.S.C. § 78n(e).

30.     Defendants violated Section 14(e) of the Exchange Act by issuing the Solicitation Statement in which they made untrue statements of material facts or failed to state all material facts necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading, in conjunction with the Tender Offer. Defendants knew or recklessly disregarded that the Solicitation Statement failed to disclose material facts necessary in

8

order to make the statements made, in light of the circumstances under which they were made, not misleading.

31.     The Solicitation Statement was prepared, reviewed and/or disseminated by Defendants. It misrepresented and/or omitted material facts, including material information about the consideration offered to stockholders via the Tender Offer, the intrinsic value of the Company, the Company's financial projections, and the financial advisor's valuation analyses and resultant fairness opinion.

32.     In so doing, Defendants made untrue statements of material fact and omitted material information necessary to make the statements that were made not misleading in violation of Section 14(e) of the Exchange Act. By virtue of their positions within the Company and/or roles in the process and in the preparation of the Solicitation Statement, Defendants were aware of this information and their obligation to disclose this information in the Solicitation Statement.

33.     The omissions and misleading statements in the Solicitation Statement are material in that a reasonable stockholder would consider them important in deciding whether to tender their shares or seek appraisal. In addition, a reasonable investor would view the information identified above which has been omitted from the Solicitation Statement as altering the "total mix" of information made available to stockholders.

34.     Defendants knowingly, or with deliberate recklessness, omitted the material information identified above from the Solicitation Statement, causing certain statements therein to be materially incomplete and therefore misleading. Indeed, while Defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Tender Offer, they allowed it to be omitted from the Solicitation Statement, rendering certain portions of the Solicitation Statement materially incomplete and therefore misleading.

35.     The misrepresentations and omissions in the Solicitation Statement are material to Plaintiff, and Plaintiff will be deprived of his entitlement to make a fully informed decision if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer.

**COUNT II**
**Violations of Section 14(d)(4) of the Exchange Act and**
**Rule 14d-9 Promulgated Thereunder**
**(Against All Defendants)**

36.     Plaintiff repeats and re-alleges each allegation set forth above as if fully set forth herein.

37.     Defendants have caused the Solicitation Statement to be issued with the intention of soliciting stockholder support of the Tender Offer.

38.     Section 14(d)(4) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder require full and complete disclosure in connection with tender offers.

39.     The Solicitation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits material facts, including those set forth above, which render the Solicitation Statement false and/or misleading.

40.     Defendants knowingly, or with deliberate recklessness, omitted the material information identified above from the Solicitation Statement, causing certain statements therein to be materially incomplete and therefore misleading. Indeed, while Defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Tender Offer, they allowed it to be omitted from the Solicitation Statement, rendering certain portions of the Solicitation Statement materially incomplete and therefore misleading.

41.     The misrepresentations and omissions in the Solicitation Statement are material to Plaintiff and Plaintiff will be deprived of his entitlement to make a fully informed decision if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer.

## COUNT III

**On Behalf of Plaintiff Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act**

42.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

43.     The Individual Defendants acted as controlling persons of AutoWeb within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as directors of AutoWeb, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements contained in the Solicitation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of AutoWeb, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

44.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Solicitation Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

45.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of AutoWeb, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same.  The omitted information identified above was reviewed by the Board prior to voting on the Proposed Transaction.  The Solicitation Statement at issue contains the unanimous recommendation of the Board to approve the Proposed Transaction.  The Individual Defendants were thus directly involved in the making of the Solicitation Statement.

46.     In addition, as the Solicitation Statement sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement.   The Solicitation Statement purports to describe the various issues and information that the Individual Defendants reviewed and considered.   The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

47.     By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

48.     As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(d) and (e), by their acts and omissions as alleged herein.   By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.   As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

49.     Plaintiff has no adequate remedy at law.   Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff demands injunctive relief in his favor and against the Defendants jointly and severally, as follows:

A.     Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with, consummating, or closing the Proposed Transaction, unless and until Defendants disclose the material information identified above which has been omitted from the Solicitation Statement;

A.     Rescinding, to the extent already implemented, the Merger Agreement or any of the terms thereof, or granting Plaintiff rescissory damages;

B.      Directing the Defendants to account to Plaintiff for all damages suffered as a result of their wrongdoing;

C.      Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

D.      Granting such other and further equitable relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED: August 4, 2022                    **MELWANI & CHAN LLP**

                                          /s *Gloria Kui Melwani*
                                          Gloria Kui Melwani (GM5661)
                                          1180 Avenue of the Americas, 8th Floor
                                          New York, New York 10036
                                          Tel: (212) 382-4620
                                          Email:  gloria@melwanichan.com

                                          *Attorneys for Plaintiff*